707 F.2d 472
 STATE OF FLORIDA ex rel., Earl COLSTON, Nathaniel Holifield,
Harvey Lee Little, Robert Malone, Danny Moss,
Wallace Ponder, Michael Richardson,
James Youngblood, Petitioners-Appellants,
v.
Fred CRAWFORD, Dir. of Corrections; Hon. James S.
Rainwater, Judge; Hon. Gerald T. Wetherington, Judge; All
the Other Judges of the Eleventh Judicial Circuit Who May be
Assigned to Hear Contempt Cases; Janet Reno, State
Attorney, and Steve Grossbard, Asst. State Attorney,
Respondents-Appellees.
 No. 81-6212.
 United States Court of Appeals,
Eleventh Circuit.
 June 16, 1983.
 
 Elizabeth S. Baker, Coconut Grove, Fla., Reemberto Diaz, Hialeh, Fla., for petitioners-appellants.
 Charles A. Stampelos, Miami, Fla., Marilyn Altman, West Palm Beach, Fla., for respondents-appellees.
 Appeal from the United States District Court for the Southern District of Florida.
 Before GODBOLD, Chief Judge, ANDERSON, Circuit Judge, and GOLDBERG*, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Petitioners are fathers held in contempt, and jailed, by a Florida state court for failures to pay child support. They appealed, alleging that they are indigents and that there were constitutional deficiencies in the contempt hearing. They then filed a petition for writ of habeas corpus in federal court, seeking an order releasing them on bail pending the state court appeal.[1] The district court dismissed the petition.
 
 
 2
 On April 15, 1983 the state court appeal was decided by the Third District Court of Appeals for the State of Florida, which held that the contempt proceedings deprived petitioners (and others) of due process and reversed the contempt orders with directions concerning proper hearings. Robbins v. Robbins, 429 So.2d 424 (and other cases).[2]
 
 
 3
 There being no further issue of right to bail pending the state court appeal, this appeal from the denial of the writ is moot. The judgment of the district court is VACATED and the cause is REMANDED to the district court with instructions to dismiss the case as moot.
 
 
 
 *
 Honorable Irving L. Goldberg, U.S. Circuit Judge for the Fifth Circuit, sitting by designation
 
 
 [1]
 Petitioners also sought declaratory and injunctive relief under 42 U.S.C. Sec. 1983, requiring the state to provide counsel in contempt proceedings such as theirs. This claim was abandoned on appeal
 
 
 [2]
 Counsel informed this court on April 21, 1983 that no petitions for rehearing were filed in this case and that the mandate issued April 20, 1983